### ANN WESTERFIELD, ET AL., *v.* A. M. VANARSDALL.

**Guardian and Ward—Liability of Surety on Guardian's Bond.**

    A surety on a guardian's bond cannot escape liability by taking the ward's property to indemnify him against loss on account of his suretyship.

#### APPEAL FROM MERCER CIRCUIT COURT.

April 19, 1876.

OPINION BY JUDGE COFER:

D. A. Covert was the guardian of the female appellant and her co-heirs, and as such took the note of A. M. Vanarsdall with surety for their share of their grandfather's estate. If that note was executed under an agreement between the guardian and Vanarsdall that the latter was to retain the money during the minority of the wards, and the money was finally lost because of that agreement, the guardian and the surety in his bond would be prima facie liable on the bond for the loss; but we do not see upon what ground such an agreement was fraudulent or upon what principle A. M Vanarsdall is to be treated as guardian on account of the agreement.

He was the surety of Covert, and undertook to provide for his own indemnity by a contract with the guardian that he was to retain the money in his own hands. It may be that he could not have interposed such an agreement as a defense to a suit by the guardian for the recovery of the money, but this does not prove that the contract was fraudulent.

At the time of the agreement and the execution of the note, A. M. Vanarsdall was solvent and the surety on the note was also solvent. The most that can be said is that the guardian made an improvident agreement, for the consequence of which he and his surety were liable, but the surety not being chargeable with fraud in the matter, his discharge in bankruptcy protects him against being made liable on the bond, and the judgment must be *affirmed*.

*E. J. Polk, for appellants.   Kyle & Poston, for appellee.*